UNITED STATES DISTRICT COURT
COMMONWEALTH OF MASSACHUSETTS

|  |  |
|---|---|
| THOMAS MCNIFF,<br>    Plaintiff<br><br>v.<br><br>TOWN OF DRACUT,<br>    Defendant | C.A. No. 05CV10238 WGY |

**DEFENDANT, TOWN OF DRACUT'S, ANSWER TO
PLAINTIFF'S COMPLAINT AND JURY DEMAND**

**AFFIRMATIVE DEFENSES**

FIRST DEFENSE

The defendant, Town of Dracut (the "defendant"), states that the plaintiff's Complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

The defendant states that the plaintiff's Complaint fails to state a claim upon which relief can be granted in that the defendant has no obligation to pay the plaintiff any amounts of the loss or damages alleged.

THIRD DEFENSE

The defendant hereby responds to the allegations contained in plaintiff's Complaint paragraph by paragraph as follows:

1. Admitted.

2. Admitted.

FACTS

3. Admitted.

4. The defendant admits the allegations in paragraph 4 of the Complaint to the extent it alleges the plaintiff was the second-highest ranking officer in the Dracut Police Department. The defendant does not answer the remaining allegations in paragraph 4 of the Complaint because such allegations contain conclusions of law not requiring a responsive pleading.

5. Admitted.

6. Admitted.

7. The defendant admits the allegations in paragraph 7 of the Complaint to the extent it alleges Chief Louis Panas announced his intention of retiring. The defendant denies each and every other allegation in paragraph 7 of the Complaint.

8. The defendant does not respond to the allegations in paragraph 8 of the Complaint because such allegations contain conclusions of law not requiring a responsive pleading. To the extent a response is deemed necessary, the defendant denies each and every allegation in paragraph 8 of the Complaint.

9. The defendant admits the allegations in paragraph 9 of the Complaint to the extent it alleges Dennis Piendak did not seek to appoint plaintiff as provisional Chief of Police. The defendant denies each and every other allegation in paragraph 9.

10. Denied.

11. The defendant admits the allegations in paragraph 11 of the Complaint to the extent it alleges plaintiff had accumulated significant sick leave during his tenure as a police officer. The defendant denies each and every other allegation in paragraph 11 of the Complaint.

12. Denied.

13. Denied.

14. The defendant is without knowledge sufficient to admit or deny the allegations in paragraph 14 of the Complaint concerning plaintiff's diagnosis with prostate cancer, and therefore calls upon plaintiff to prove same. The defendant admits the allegations in paragraph 14 of the Complaint to the extent it alleges plaintiff sought and obtained sick leave for unspecified surgery for approximately seven weeks beginning in August 2004. The defendant denies each and every other allegation in paragraph 14 of the Complaint.

15. Denied.

16. Denied.

## Count I

17. The defendant repeats and realleges its responses to paragraph 1 through 16 above.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

## Count II

23. The defendant repeats and realleges its responses to paragraph 1 through 22 above.

24. Denied.

25. Denied.

26. Denied.

## Count III

27. The defendant repeats and realleges its responses to paragraphs 1 through 26 above.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

## Count IV

32. The defendant repeats and realleges its responses to paragraphs 1 through 31 above.

33. Admitted.

34. Denied

35. Denied.

36. Denied.

## Count V

37. The defendant repeats and realleges its responses to paragraphs 1 through 36 above.

38. Denied.

39. Denied.

### FOURTH DEFENSE

By way of affirmative defense, the defendant state that it was justified in its acts or conduct and that therefore the plaintiff cannot recover.

### FIFTH DEFENSE

And further answering, defendant says at all times material, defendant's officials acted reasonably, within the scope of their official discretion and with a good faith belief that their actions were lawful and not in violation of any clearly established statutory or constitutional right of which a reasonable person would have known with regard to all matters in the Complaint which bear on

a question of state law.

## SIXTH DEFENSE

By way of affirmative defense, the defendant states that if the plaintiff suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct the defendant was not and is not legally responsible.

## SEVENTH DEFENSE

By way of affirmative defense, the defendant says that the plaintiff by his conduct and actions and/or by the conduct and actions of his agents and servants has waived any and all rights he may have had against the defendant, or is estopped thereby, and therefore the plaintiff cannot be granted any relief in this action.

## EIGHTH DEFENSE

By way of affirmative defense, the defendant states that its acts and conduct were performed according to, and protected by, law and/or legal process, and that therefore, the plaintiff cannot recover.

## NINTH DEFENSE

By way of affirmative defense the defendant says that it was privileged in its conduct and acts and that therefore the plaintiff cannot recover.

## TENTH DEFENSE

The defendant says that at all times relevant hereto defendant acted without malice toward the plaintiff and that its actions relative to the plaintiff were privileged by virtue of defendant's officials acting reasonably and in good faith within the scope of their authority as a municipality.

### ELEVENTH DEFENSE

By way of affirmative defense, the defendant says that the plaintiff is not entitled to recover because of his failure to mitigate damages.

### TWELFTH DEFENSE

The plaintiff's claims against the defendant are barred on the grounds that the plaintiff is unable to establish a prima facie case of age or disability discrimination.

### THIRTEENTH DEFENSE

The plaintiff's claims against the defendant are barred on the grounds that the plaintiff is unable to show that the defendant's legitimate non-discriminatory reasons for its conduct were pretextual.

### FOURTEENTH DEFENSE

The plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### FIFTEENTH DEFENSE

The defendant states that, if the plaintiff suffered injuries or damages as alleged, such injuries or damages were caused by someone for whose conduct the defendant was not and is not legally responsible.

### SIXTEENTH DEFENSE

The defendants states that the plaintiff's recovery is barred by virtue of the limitations and immunities set forth in M.G.L. c. 258.

### SEVENTEENTH DEFENSE

The defendant states that the plaintiff failed to exhaust his administrative remedies and, therefore, his recovery is barred as a matter a law.

### EIGHTEENTH DEFENSE

The plaintiff waived his claims against the defendant.

### NINETEENTH DEFENSE

The defendant states that plaintiff cannot maintain a direct cause of action under the Massachusetts Constitution where there is an adequate statutory mechanism for vindication of the constitutional right.

### TWENTIETH DEFENSE

The defendant states that the plaintiff was not deprived of any rights secured by either the State or U.S. Constitution or the laws of the Commonwealth or the United States.

### TWENTY-FIRST DEFENSE

The defendant states that plaintiff is not a qualified handicapped individual as defined under State or Federal law.

### TWENTY-SECOND DEFENSE

The defendant states that plaintiff cannot establish an official custom, policy or practice causing the alleged violation of plaintiff's civil rights and, therefore, defendant cannot be held liable for civil rights violations.

### TWENTY-THIRD DEFENSE

The defendant states that no act or omission by defendant was a proximate cause of damages, if any, allegedly sustained by the plaintiff.

### TWENTY-FOURTH DEFENSE

The defendant states that there was no actionable disparity in age between plaintiff and any other candidates and, therefore, plaintiff cannot establish his claim for age discrimination.

## TWENTY-FIFTH DEFENSE

The defendant states that plaintiff was not qualified to perform the job of provisional Police Chief and, therefore, plaintiff cannot recover.

## TWENTY-SIXTH DEFENSE

The defendant states that the Civil Service Commission approved any relevant employment actions and, therefore, plaintiff cannot recover.

## **JURY CLAIM**

The defendant demands a trial by jury on all issues so triable.

Respectfully submitted,

The Defendant,
TOWN OF DRACUT,
By its attorneys,

**PIERCE, DAVIS & PERRITANO, LLP**

_____
John J. Cloherty III, BBO#566522
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

CERTIFICATE OF SERVICE
I hereby certify that on this day a true copy of the above document was served upon each attorney of record, or pro se litigant, by mail/by hand.

2/11/05
Date