## Commonwealth of Massachusetts
### County of Middlesex
### The Superior Court

```
FILED
IN CLERKS OFFICE

2005 FEB 17  P 1:10

U.S. DISTRICT COURT
DISTRICT OF MASS
```

I, Michael Brennan, Assistant Clerk of the Superior Court of the Commonwealth of Massachusetts within and for said County of Middlesex, do certify that the papers hereto annexed are true pleadings in case No. MICV2005-00116 entered in the Superior Court on 01/13/2005.

IN TESTIMONY WHEREOF, I hereunto set my hand and affix the seal of said Superior Court at said Lowell this 8th day of February, in the year of our Lord 2005

*Michael M. Brennan*
Michael M. Brennan, Assistant Clerk



cvdremlett_1.wpd 2680483 removus ginger

Commonwealth of Massachusetts
MIDDLESEX SUPERIOR COURT
Case Summary
Civil Docket

## MICV2005-00116
### McNiff v Dracut

| | | | | | |
|---|---|---|---|---|---|
| File Date | 01/13/2005 | Status | Disposed: transfered to other court (dtrans) | | |
| Status Date | 02/08/2005 | Session | L - Cv time-stan 1 (Lowell) | | |
| Origin | 1 | Case Type | E99 - Miscellaneous | | |
| Lead Case | | Track | X | | |

| | | | | | |
|---|---|---|---|---|---|
| Service | 04/13/2005 | Answer | 06/12/2005 | Rule12/19/20 | |
| Rule 15 | | Discovery | | Rule 56 | |
| Final PTC | 07/12/2005 | Disposition | 08/11/2005 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
Thomas McNiff
Active 01/13/2005

**Private Counsel 556537**
Richard J Ahern
Ahern & DeWitt
200 Central Street
Lowell, MA 01852
Phone: 978-970-2989
Fax: 978-970-2633
Active 01/13/2005 Notify

**Defendant**
Town Of Dracut
Service pending 01/13/2005

**Private Counsel 566522**
John J Cloherty III
Pierce Davis & Perritano
10 Winthrop Square
5th floor
Boston, MA 02110-1264
Phone: 617-350-0950
Fax: 617-350-7760
Active 02/08/2005 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 01/13/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 01/13/2005 | | Origin 1, Type E99, Track X. |
| 02/08/2005 | 2.0 | Copy of Petition for Removal to the United States District Court filed by Town Of Dracut |
| 02/08/2005 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

MIDDLESEX, ss. Commonwealth of Massachusetts
SUPERIOR COURT DEPARTMENT OF THE TRIAL [...]

in testimony that the foregoing is a true copy on file
and of record made by photographic process. I hereunto
set my hand and affix the seal of said Superior court
this 8th day of February 2005

*[signature]* M. Perrico
Deputy Assistant Clerk

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05-0116 | Trial Court of Massachusetts Superior Court Department County: _____ |
|---|---|---|

| PLAINTIFF(S) Thomas McNiff | DEFENDANT(S) Town of Dracut |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE 200 Central Street, Lowell, MA 01852 978-970-2989 | ATTORNEY (if known) James Hall 25 Fletcher Street Chelmsford, MA 01824 |
| Board of Bar Overseers number: #556537 | |

Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| F99 | Miscellaneous | ( ) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ......... $ .........
2. Total Doctor expenses ......... $ .........
3. Total chiropractic expenses ......... $ .........
4. Total physical therapy expenses ......... $ .........
5. Total other expenses (describe) ......... $ .........

Subtotal $ .........

B. Documented lost wages and compensation to date ......... $ .........
C. Documented property damages to date ......... $ .........
D. Reasonably anticipated future medical and hospital expenses ......... $ .........
E. Reasonably anticipated lost wages ......... $ .........
F. Other documented items of damages (describe)
$ .........

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$ .........
TOTAL $ .........

[Stamp: FILED IN THE OFFICE OF THE CLERK OF THE COURTS FOR ... MIDDLESEX JAN 13 2005 CLERK]

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

The Town of Dracut would not appoint the plaintiff as interim chief. Damages are not fully known at this time but are estimated at being in excess of $100,000

TOTAL $ .........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _Richard J. Cullen_ 556537       DATE: 1-11-05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

CIVIL DOCKET# MICV2005-00116-L

RE:  **McNiff v Dracut**

TO: Richard J Ahern, Esquire
    Ahern & DeWitt
    200 Central Street
    Lowell, MA 01852

## TRACKING ORDER - X TRACK

You are hereby notified that this case is on the **accelerated (X) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
| --- | --- |
| Service of process made and return filed with the Court | 04/13/2005 |
| Response to the complaint filed (also see MRCP 12) | 06/12/2005 |
| Firm trial date set | 07/12/2005 |
| Case disposed | 08/11/2005 |

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session L sitting in **Cv CrtRm (Lowell) at Middlesex Superior Court.**

Dated: 01/20/2005

                                        **Edward J. Sullivan**
                                        **Clerk of the Courts**

                                        **BY: Michael Brennan**
                                        **Assistant Clerk**

Location: **Cv CrtRm (Lowell)**
Telephone: **978-453-0201**

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS                    TRIAL COURT OF MASSACHUSETTS
                                 DISTRICT COURT DEPARTMENT
                                 CIVIL ACTION NO.:

THOMAS MCNIFF
    Plaintiff
                                                         05-0116
                                 VERIFIED COMPLAINT AND JURY
V.                               TRIAL DEMAND

TOWN OF DRACUT
    Defendant

                                 JAN 13 2005

1. The plaintiff, Thomas McNiff, is a member of the Dracut Police Department, Middlesex County, Dracut, Massachusetts residing in the Town of Tyngsboro, Massachusetts.

2. The defendant, the Town of Dracut, is a town situated in Middlesex County, Massachusetts.

```
3672E000001/13/05CIVIL        240.00
3672E000001/13/05SUR CHARGE    15.00
3672E000001/13/05SUMMONS        5.00
3672E000001/13/05ECC           20.00
```

### FACTS

3. For all relevant times in this action Thomas McNiff held the rank of Captain in the Town of Dracut Police Department.

4. The plaintiff, pursuant to civil service regulations was the second highest-ranking superior officer in the Town of Dracut Police Department.

5. The most senior officer was Louis Panas who held the position of Chief of the Town of Dracut Police Department.

6. For all relevant times in the complaint, The Town Manager in the Town of Dracut was Dennis Piendak.

7. On or about August 1, 2004, Louis Panas announced his intention of retiring as chief as of September 1, 2004.

8. Under the General Laws of the Commonwealth of Massachusetts, upon a vacancy in the chief position, the most senior officer should be appointed on an interim basis pending the appointment of a permanent replacement. (Mass. Gen. L. C31, Sec. 15)

9. Dennis Piendak refused to appoint the highest-ranking officer as required by the Massachusetts General Laws as the interim chief.

10. Dennis Piendak stated that he would not appoint the plaintiff as interim chief due to the plaintiff's abuse of the sick leave policy of the Town of Dracut.

11. The plaintiff had rightfully accumulated in excess of 250 days of sick leave during his tenure as a member of the Dracut Police Department.

12. Chief Louis Panas had been notified in writing of the exact reason that the plaintiff was using his sick time.

13. At no time did Chief Panas question or object to the plaintiff regarding his use of sick time. Prior to being the highest-ranking officer to serve as an interim chief, the issue of sick leave was never raised by the Town Manager.

14. In August of 2004 the plaintiff was diagnosed with prostate cancer. As a result of the diagnosis, the plaintiff utilized 35 days of sick leave benefits. All these sick leave days were reported to the plaintiff's superiors.

15. The Board of Selectmen of the Town of Dracut notified the Town Manager that they anticipated and would approve pursuant to Civil Service Regulations the appointment of the plaintiff as the interim chief.

16. Despite the anticipated appointment of the plaintiff as the temporary chief, the Town Manager refused to submit the plaintiff's name as the interim chief.

## *COUNT I*
**Mass. Gen. L. 151, Sec 4 (16)**

17. The plaintiff restates paragraph 1-16.

18. The plaintiff was disabled within the meaning of Mass. Gen. L. 151 Section 4 (16) and 42 U.S.C. Section 12112(a).

19. The plaintiff was a qualified person in that he met the requirement of being the highest-ranking officer.

20. The plaintiff was subject to an adverse action against him.

21. The plaintiff was treated less favorably due to his handicap.

22. As a result of the discrimination, the plaintiff suffered damages.

WHEREFORE, the plaintiff prays that this honorable Court hold that the Defendant has discriminated against him in violation of the Massachusetts General Laws and award him all his damages including costs and reasonable attorney fees.

## *COUNT II*
## ARTICLE CXIV

23. The Plaintiff restates paragraphs 1-22.

24. Due to his disability based upon prostate cancer, the plaintiff used sick leave.

25. The plaintiff was a qualified individual to become interim chief based upon his rank.

26. The plaintiff was excluded as a candidate to be appointed acting chief and discriminated against based upon his handicap.

WHEREFORE, the plaintiff prays that this Honorable Court hold that the Town of Dracut has violated the rights of the plaintiff guaranteed under the Constitution of the Commonwealth of Massachusetts in that Article CXIV prohibits such discriminatory conduct, and the plaintiff prays that he be awarded all of his damages including attorney fees and costs.

## *COUNT III*
## AMERICANS WITH DISABILITY ACT

27. The plaintiff restates paragraphs 1-26.

28. The plaintiff was qualified to be named interim chief.

29. The plaintiff had a disability within the meaning of rights guaranteed to him pursuant to the United States Constitution

30. The plaintiff due to his disability was subject to an adverse action and treated less favorably than persons who were not handicapped.

31. The plaintiff suffered damages as a result of the discrimination.

WHEREFORE, the plaintiff prays that this Honorable Court hold that the defendant is in violation of the Americans with Disabilities Act and award him all of his damages including attorney fess and costs.

## *COUNT IV*
## EQUAL PROTECTION CLAUSE

32. The plaintiff restates paragraphs 1-31.

33. The plaintiff has reached the age of 50 years on or before September 16, 2004.

34. Charles Panagopoulos, a sergeant and brother of Chief Louis Panas, retired in 2001. Prior to his retirement, Charles Panas, with the approval of Chief Panas and Dennis Piendak was allowed to utilize the last nine months of his employment as sick leave.

35. Dennis Piendak has attempted to appoint a younger, lesser civil service grade person, as interim chief.

36. The plaintiff is being treated differently by the Town of Dracut in violation of both the United States Constitution made applicable to the States pursuant to the Fourteenth Amendment and the Massachusetts Constitution, both of which prohibit discrimination based upon age.

WHEREFORE, the plaintiff prays that this Honorable Court will hold the defendant in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and award him all of his damages including costs and reasonable attorney fees.

## *COUNT V*
## VIOLATION Mass. Gen. L. C.31, sec. 15

37. The plaintiff restates paragraphs 1-36.

38. Mass. Gen. L. C. 32, Sec. 15 requires that the appointing authority in this matter, The Town Manager, Dennis Piendak, appoint the highest-ranking officer based upon civil service ranking as interim Chief of Police.

39. Dennis Piendak in an attempt to subvert the General Laws of the Commonwealth refused to appoint the plaintiff.

WHEREFORE, the plaintiff prays that this Honorable Court will hold that the Town of Dracut is in violation of Mass. Gen. L. C. 32, Sec. 15 and award him all of his damages including costs and reasonable attorney fees.

THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.

Respectfully submitted
Thomas McNiff
By His Attorney,

12/10/05

*[signature]*
Richard J. Ahern
Attorney at Law
BBO # 556537
200 Central Street
Lowell, MA  01852
978-970-2989

### VERIFICATION

I certify that I have read the above complaint and state to the best of my knowledge that all facts are true and accurate.

*[signature]*
Thomas McNiff

comp_jurytrial

UNITED STATES DISTRICT COURT
COMMONWEALTH OF MASSACHUSETTS

THOMAS MCNIFF,
    Plaintiff

v.

C.A. No.

TOWN OF DRACUT,
    Defendant

## NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §1441(a)

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS:

Petitioner, Town of Dracut, respectfully petitions this Court for removal of the above-entitled action to the United States District Court for the District of Massachusetts, Civil Section, from the Superior Court of the Commonwealth of Massachusetts in and for Middlesex County, and for its Notice of Removal state as follows:

1. The Town of Dracut is the named defendant by the plaintiff, Thomas McNiff, in a civil action filed in the Superior Court of the Commonwealth of Massachusetts in and for Middlesex County, entitled Thomas McNiff v. Town of Dracut, Civil Action No. MICV2005-0116-L. On January 18, 2005, the defendant, Town of Dracut, was served with a Summons and a copy of plaintiff's original Complaint. See Summons attached hereto as Exhibit "A." The defendant has not yet answered the original Complaint, nor has an appearance been filed on Defendant's behalf.

2. This is a suit of a wholly civil nature brought in a Massachusetts state court. The action is pending in Middlesex County, Massachusetts, and, accordingly, under 28 U.S.C. §§101 & 1441(a), the United States District Court for the District of

Massachusetts is the proper forum for removal.

3. This is an action in which the plaintiff alleges, among other things, that the defendant, Town of Dracut, violated plaintiff's rights under the Federal Americans with Disabilities Act (42 U.S.C. §12101, et. seq.) and under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

4. Because this case involves federal constitutional issues and claims for relief under federal law, the District Court has original jurisdiction pursuant to 28 U.S.C. §1331.

5. The defendant is filing this Notice within thirty days of service of the Summons and original Complaint upon the defendant, Town of Dracut, within thirty days of the date this case became removable, and within the time for filing this petition. See 28 U.S.C. §1446.

6. The defendant will file a Notice of Filing of this Notice of Removal and a copy of this Notice of Removal with the Clerk of the Superior Court of Massachusetts, County of Middlesex.

7. Pursuant to Local Rule 81.1(a), the petitioner shall request of the Clerk of the Superior Court of Massachusetts, County of Middlesex, certified or attested copies of all records and proceedings in the state court and certified or attested copies of all docket entries therein, and shall file the same with this Court within thirty days after the filing of this Notice of Removal.

WHEREFORE, petitioner, Town of Dracut, prays that the above action now pending in the Superior Court of the Commonwealth of Massachusetts in and for Middlesex County be removed from that Court to this United States District Court.

Respectfully submitted,

The Defendant,
TOWN OF DRACUT,
By its attorneys,

PIERCE, DAVIS & PERRITANO, LLP

_____
John J. Cloherty III, BBO#566522
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

CERTIFICATE OF SERVICE
I hereby certify that on this day a true copy of the above document was served upon each attorney of record, or pro se litigant, by mail/by hand.

2/17/05
Date

-3-