UNITED STATES DISTRICT COURT
COMMONWEALTH OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| THOMAS MCNIFF,<br>Plaintiff | ) ) ) ) | |
| v. | ) ) | C.A. No. 05CV10238 RBC |
| TOWN OF DRACUT,<br>Defendant | ) ) ) ) | |

**DEFENDANT TOWN OF DRACUT'S MOTION TO COMPEL
DISCOVERY RESPONSES TO INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO THE PLAINTIFF**

Now comes the Defendant Town of Dracut, and hereby moves this Honorable Court, pursuant to Federal Rule of Civil Procedure 37(d) for an order compelling the Plaintiff to answer interrogatories and respond to requests for production of documents within twenty (20) days from the granting of this motion. In further support of their motion, the Defendant states:

1)    On April 26, 2005, the Defendant Town of Dracut served, pursuant to Rule 34, a Request for Production of Documents upon the Plaintiff, a copy of which is attached hereto as **Exhibit A**.

2)    The thirty-day period permitted by Rule 34 has expired, and the Plaintiff failed to file a written response or to produce the documents requested.

3)    The documents described in said Request are properly subject to discovery within the scope of Rules 26(b) and 34, and are described with reasonable particularity.

4)    On April 26, 2005, the Defendant Town of Dracut served, pursuant to Rule 33, Interrogatories upon the Plaintiff, a copy of which is attached hereto as **Exhibit B**.

5)    The thirty-day period permitted by Rule 33 has expired, and the Plaintiff failed to file written answers or otherwise respond to the interrogatories.

6)    The information sought by the interrogatories is properly subject to discovery within the scope of Rules 26(b) and 33.

7)    The undersigned counsel for Defendant Town of Dracut hereby certifies that an attempt has been made to confer with the party from whom discovery is sought to obtain the responses and answers without Court order. See Attorney Cloherty letter to Richard J. Ahern, Esq. dated August 1, 2005 (attached hereto as **Exhibit C**).

WHEREFORE, the Defendant Town of Dracut requests an order compelling the Plaintiff to answer interrogatories and respond to requests for production of documents within twenty (20) days of the granting of this motion.

Respectfully Submitted,

The Defendant,
TOWN OF DRACUT
By its Attorneys,

PIERCE, DAVIS & PERRITANO, LLP

John J. Cloherty III, BBO # 566522
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

## Certification of Compliance with Rule 37.1

The moving party hereby certifies that counsel has in good faith attempted to confer with the party failing to make discovery in an effort to secure the information or material without Court action.

John J. Cloherty III
BBO # 566522

CERTIFICATE OF SERVICE
I hereby certify that on this day a true copy of the above document was served upon each attorney of record, or pro se litigant, by electronic mail.

8/12/05
Date

-2-

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| THOMAS MCNIFF,                       )<br>        Plaintiff        )<br>                      )<br>v.                          )<br>                      )<br>TOWN OF DRACUT,         )<br>        Defendant     )<br> | C.A. No. 05CV10238 RBC |

## DEFENDANT, TOWN OF DRACUT'S, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

The Defendant, TOWN OF DRACUT (the "Defendant"), hereby requests that the Plaintiff, THOMAS MCNIFF produce for inspection and copying all documents and things described hereafter in his possession, custody, or control, wherever located, at the offices of Pierce, Davis & Perritano, LLP, 10 Winthrop Square, Boston, Massachusetts, within 30 days hereof.

## DEFINITIONS

For purposes of these Requests, the following terms shall have the meanings set forth below:

1.    "Plaintiff" refers to the Plaintiff, THOMAS MCNIFF, all of his agents, attorneys and representatives, and any other persons or entities acting or purporting to act on his behalf.

2.    "Complaint" refers to the Verified Complaint filed by Plaintiff in this matter.

3.    "Incidents" refers to the events and occurrences alleged in the Complaint.

## INSTRUCTIONS

1.    If any document requested herein is withheld under a claim of privilege or on any other basis, Plaintiff is requested to furnish a log or list with the following information sufficient to test the claim of privilege or other asserted basis for non-production:

(a)    the type of the document (e.g., letter, memorandum, diskette, etc.);

(b)    the date of the document;

(c)     the title of the document;

(d)     the author(s) of the document;

(e)     the intended and actual recipient(s) of the document;

(f)     the general subject matter of the document; and

(g)     the factual and/or legal basis(es) for Plaintiff's claim of privilege or other ground(s) for non-production asserted with respect to the document.

2.     If any document called for by these Requests was at any time, but is not presently, in Plaintiff's possession, custody or control, Plaintiff is requested to identify each such document and to state, to the extent known, with respect to each such document:

(a)     the type of the document;

(b)     the date of the document;

(c)     the title of the document;

(d)     the author(s) of the document;

(e)     the intended and actual recipient(s) of the document;

(f)     the general subject matter of the document; and

(g)     the present location and custodian of the document.

## DOCUMENT REQUESTS

1.     All Documents you believe may have been prepared by the answering Defendant concerning the Incidents alleged in the Complaint, or which you intend to use for any purpose in this litigation, including any statement made by any person you believe may have given an oral or written statement about the Incidents alleged in the Complaint, or Defendant's responsibility therefore, and any note, memorandum or recording of any oral statement.

2.     All copies of any transcript of testimony given by you or on your behalf concerning

the Incidents alleged in the Complaint.

3.      Please furnish all documents and records concerning any earnings (or profits) claimed to have been lost as a result of the injuries (or damages) alleged in the Complaint.

4.      Please furnish a copy of each state and each federal income tax return, including W-2 statements, together with attachments, filed by, or on behalf of, plaintiff for 2000 to the present.

5.      All copies of each medical provider's report referring to any physical, psychiatric or psychological examination of plaintiff conducted relative to the damages, ailments and injuries allegedly sustained by Plaintiff as a result of the Incidents alleged in the Complaint and reasonably related thereto, including (a) all communications between Plaintiff and such medical providers, and (b) any documents setting forth any statements by any medical providers consulted by Plaintiff.

6.      Duly executed, and compliant with the Health Insurance Portability and Accountability Act (HIPAA), authorizations permitting the Defense Counsel to examine and copy each record referring to any physical, psychiatric or psychological treatment of plaintiff for the injuries and disabilities alleged in the Complaint, or any treatment reasonably related thereto, including (a) all communications between Plaintiff and such medical providers; (b) any documents setting forth any statements by any medical providers consulted by Plaintiff.

7.      All documents and records concerning, supporting, refuting and/or identifying and describing the "disability" under which Plaintiff allegedly was suffering at any time while Plaintiff was employed by the Defendant, the dates when and how Plaintiff first became aware of this disability, and the length of time Plaintiff continued to suffer from the disability.

8.      All copies of each medical provider's report referring to any physical, psychiatric or psychological examination of plaintiff conducted relative to the alleged "disability" suffered by Plaintiff during his employment with the Defendant, documenting said disability reasonably related

-3-

thereto, including (a) all communications between Plaintiff and such medical providers, and (b) any documents setting forth any statements by any medical providers consulted by Plaintiff.

9.    All documents constituting or otherwise relating to any communications between Plaintiff and Defendant regarding Plaintiff's communication with the Defendant or their agents that Plaintiff suffered from a disability.

10.    All documents constituting or otherwise relating to any communications between Plaintiff and Defendant regarding notification of the reasons Plaintiff was using his sick time for all sick time utilized by Plaintiff for the time period beginning on January 1, 2002 and ending December 31, 2004.

11.    All written statements or affidavits (whether signed or unsigned) by any persons referring to any of the events alleged in Plaintiff's Complaint.

12.    All documents supporting or forming any part of the basis for Plaintiff's damage and/or injury claims in this proceeding.

13.    All documents constituting or otherwise relating to any communications between Plaintiff and any employee or other representative of the Defendant concerning any of the Incidents alleged in Plaintiff's Complaint.

14.    All documents that Plaintiff provided to or received from the Defendant and/or any employee or other representative thereof, concerning the Incidents alleged in the Complaint.

15.    All documents that Plaintiff provided to or received from the Defendant at any time during his involvement and/or employment and/or employment application and/or applications for promotion with the Defendant.

16.    All diaries, notes, notebooks, appointment calendars, journals, memoranda, logs, computer files, electronic files, electronic mail or other written and/or kept by Plaintiff that refer to

any of the events alleged in his Complaint.

17.    All transcripts, certifications, awards, documentation, training materials, regarding any and all training performed by, or qualifications of, Plaintiff regarding the position he held with Defendant.

18.    All transcripts, certifications, awards, documentation, training materials, regarding any and all training performed by, or qualifications of, Plaintiff regarding his application for the position of Provisional Chief with Defendant.

19.    All copies of each record referring to Plaintiff, including but not limited to attendance, employment and discipline files, maintained by all other employers that have employed Plaintiff. Or in the alternative, duly executed authorizations permitting the Defense Counsel to examine and copy each record referring to Plaintiff, including but not limited to attendance, employment and discipline files, maintained by all other employers that have employed Plaintiff.

20.    All copies of any transcript of testimony and proceedings at any appeal made by Plaintiff to the Civil Service Commission or any other administrative agency concerning the incident or occurrences described in the Complaint.

21.    All copies of all documents and or other evidence submitted as exhibits by Plaintiff at any appeal, regarding the Defendant, by the Plaintiff to the Civil Service Commission or any other administrative agency concerning the incident or occurrences described in the Complaint.

22.    All documents constituting or otherwise relating to any communications regarding the Incidents alleged in the Complaint between Plaintiff, or anyone on behalf of Plaintiff, and the Board of Selectmen of the Town of Dracut including, but not limited to, any employee, member or other representative of the Board of Selectman.

23.    All photographs, diagrams, depictions, videos, re-enactments, sketches, drawings,

tape recordings or other materials recorded and/or kept by Plaintiff that refer to the Incidents.

24.    All medical records from any care giver that pertain to the damages Plaintiff alleges in the Complaint.

25.    Any correspondence, claim report, finding etc. provided to or from Plaintiff by any insurance company regarding the Incidents.

26.    Any and all expert reports prepared by any expert engaged by Plaintiff as well as any and all facts and materials which have been reviewed by said expert, and any and all opinions which he or she has rendered.

27.    Any and all trial exhibits Plaintiff plans on utilizing at time of trial, including but not limited to Copies of any and all documents which the Plaintiff intends to introduce as an exhibit and/or evidence at trial.

28.    Any and all pictures, diagrams, depictions, videos, re-enactments, sketches, drawings, tape recordings or other materials recorded and/or kept by Plaintiff that illustrate and/or depict the injures alleged in the Complaint.

29.    All medical bills from any care giver that pertain to the damages Plaintiff alleges in the Complaint.

30.    Any and all copies of all documents reviewed or consulted in answering the Interrogatories propounded by the Town of Dracut.

31.    All documents and records concerning, supporting, or refuting the allegations of Count I "Mass. Gen. L. 151, Sec 4 (16)" as alleged in the Complaint.

32.    All documents and records concerning, supporting, or refuting the allegations of Count II "Article CXIV" as alleged in the Complaint.

33.    All documents and records concerning, supporting, or refuting the allegations of

-6-

Count III "Americans with Disability Act" as alleged in the Complaint.

34.    All documents and records concerning, supporting, or refuting the allegations of Count IV "Equal Protection Clause" as alleged in the Complaint.

35.    All documents and records concerning, supporting, or refuting the allegations of Count V "Violation Mass. Gen. L. C.31, sec. 15" as alleged in the Complaint.

36.    All documents and records concerning or regarding a description of Plaintiff's work history, including but not limited to Plaintiff's resume and/or curriculum vitae.

37.    All documents and records referenced to in Plaintiff's Automatic Disclosure that were not provided with the Automatic Disclosure.

38.    Copies of any and all documents referred to in Plaintiff's answers to interrogatories.

The Defendant,
TOWN OF DRACUT,
By its attorneys,

PIERCE, DAVIS & PERRITANO, LLP


John J. Cloherty III, BBO#566522
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950


CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon each attorney of record, or pro se litigant, by mail/by hand.

4/26/05
Date

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
COMMONWEALTH OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| THOMAS MCNIFF,<br>      Plaintiff | ) ) ) | |
| v. | ) ) | C.A. No. 05CV10238 RBC |
| TOWN OF DRACUT,<br>      Defendant | ) ) ) ) | |

## DEFENDANT, TOWN OF DRACUT'S, FIRST SET OF INTERROGATORIES TO PLAINTIFF

### DEFINITIONS

For purposes of these interrogatories, the following terms shall have the meanings set forth below:

1.     "Plaintiff" refers to the Plaintiff, THOMAS MCNIFF, all of his agents, attorneys and representatives, and any other persons or entities acting or purporting to act on his behalf.

2.     "Complaint" refers to the Verified Complaint filed by Plaintiff in this matter.

3.     "Incidents" refers to the events and occurrences alleged in the Complaint.

### INSTRUCTIONS

1.     In answering these interrogatories, Plaintiff is to furnish all information available to him, including any information in the possession of his present or former attorneys (or investigators for any such attorneys), and not merely information within his personal knowledge.

2.     If Plaintiff cannot answer any of these interrogatories in full after exercising due diligence to attempt to secure the information necessary to do so, he is to so state and answer the interrogatory to the fullest extent possible, specifying and explaining her inability to answer the remainder and providing whatever information or knowledge he has concerning the unanswered

portion.

## INTERROGATORIES

1.     Please state your name, address, date of birth, social security number, occupation, marital status, name of spouse and spouse's occupation, name and ages of any children.

2.     Identify (a) each person (other than Plaintiff's attorneys) with whom Plaintiff has discussed any of the Incidents alleged in his Complaint; (b) the date, place and means (*e.g.*, telephone, face-to-face conversation, e-mail) of each such discussion; (c) the substance of each such discussion; and (d) any other persons who were present during each such discussion.

3.     Set forth in full detail all Plaintiff's injuries, ailments, pains or damages (physical or otherwise) he claims to have suffered as a result of the Incidents alleged in the Complaint, including the nature and extent for how long it has lasted and a computation of the damages he is seeking through this Complaint, including all data, assumptions and hypotheses on which such computation is based; if you claim to suffer lost wages, please specify the dates of such lost wages and amounts; if you claim lost earning capacity please specify the facts and circumstances and the manner in which you have suffered a lost earning capacity.

4.     Identify each person whom Plaintiff expects to call as a fact witness at the trial in this case, and with respect to each such witness, state (a) the witness' name and home and business addresses and telephone numbers, (b) the witness' business or occupation and job title, and (c) the substance of the testimony that the witness is expected to provide.

5.     Identify each person whom Plaintiff expects to call as an expert witness at the trial in this case, and with respect to each such expert witness, state:

(a)     the expert's name and home and business addresses and telephone numbers;

-2-

(b)    the expert's business or occupation;

(c)    the expert's title or position and the name and address of the entity by which he or she is employed, or through which the expert otherwise carries on his or his business or occupation;

(d)    the substance of the opinions to which the expert is expected to testify; and

(e)    a summary of the grounds for each of the expert's expected opinions.

6.    Set forth in full detail the sum and substance of any unrecorded oral statements you believe you may have made to the Defendant (or employees, or former employee, of the Defendant) concerning the Incidents alleged in the Complaint and, of the injuries (or damages) alleged in the Complaint, or which you intend to use for any purpose in the litigation.

7.    Please state each and every date on which you were examined or treated by any doctor, physician or medical practitioner with respect to any injury, illness (including mental or emotional harm) or disability which you claim to have sustained as a result of the alleged Incidents, setting forth in detail as to each such date of examination or treatment:

(a)    the name and address of each such doctor, physician or medical practitioner;

(b)    the nature and extent of the examination or treatment received from each such doctor, physician or medical practitioner;

(c)    the diagnosis or prognosis made by each doctor, physician or medical practitioner; and

(d)    an itemized list of each charge made to you or any other person or organization for your account by each doctor, physician or medical practitioner.

8.    Please identify and describe the "disability" under which you were suffering at any time while you were employed by the Defendant, the dates when and how you first became aware of this disability, and the length of time you continued to suffer from the disability.

9.     Please identify in complete detail any and all medical providers from whom you sought treatment for your disability identified in interrogatory number 8, including who referred you to each medical provider and the date(s) of treatment or consultation.

10.     Please state if you ever advised the Defendant or their agents that you suffered from the disability identified in interrogatory number 8, and if so, whom you advised, the date and manner such information was provided, and exactly what you informed the Defendant or their agents.

11.     Please state if you were ever advised by a medical provider that you could not perform the essential functions of your job with the Defendant without reasonable accommodations based on the disability identified in interrogatory number 8, and if so, whom you advised, the date and manner such information was provided.

12.     Please state if you ever informed the Defendant or its agents that you required accommodations, as a result of the disability identified in interrogatory number 8, in order for you to perform the essential functions of your job with the Defendant, and if so, whom you advised, the date and manner such information was provided, and exactly what you informed the Defendant or their agents..

13.     Please state, in full and complete detail, the reasons for each instance of sick leave or sick days taken or requested by you for the time period in January 1, 2002 and ending in December 31, 2004, including but not limited to why you requested sick leave or sick days.

14.     Please state each and every date on which you were examined or treated by any doctor, physician or medical practitioner with respect to your sick leave or sick days taken by you during the time period starting in January 1, 2002 and ending in December 31, 2004, setting forth in detail as to each such date of examination or treatment:

-4-

a.    the name and address of each such doctor, physician or medical practitioner;

b.    the nature and extent of the examination or treatment received from each such doctor, physician or medical practitioner;

c.    the diagnosis or prognosis made by each such doctor, physician or medical practitioner; and

d.    an itemized list of each charge made to you or to any other person or organization on your behalf by each such doctor, physician or medical practitioner.

15.    Please identify any improper adverse employment action you allege the Defendant took against you, specifying the date of such employment action and the person you allege took such employment action.

16.    For each and every adverse employment action identified in interrogatory number 15, please state the facts upon which you base your contention that the adverse employment action was taken based on your age.

17.    For each and every adverse employment action identified in interrogatory number 15, please state the facts upon which you base your contention that the adverse employment action was taken based on your having a disability or handicap.

18.    Please state in full and complete detail all the facts upon which you base your allegations of Count I "Mass. Gen. L. 151, Sec 4 (16)" of the Complaint "that the Defendant has discriminated against [Plaintiff] in violation of the Massachusetts General Laws" including (a) identifying the agents/servants/employees of the defendant involved in this alleged discrimination, (b) the sum and substance of the occurrence(s) that constituted this alleged discrimination,(c) the date, place and means (*e.g.*, telephone, face-to-face conversation, e-mail) of any occurrences that constituted this alleged discrimination; ad (d) any complaints filed, or redress sought, from your

-5-

employer or any administrative agency for the alleged discrimination.

19.    Please state in full and complete detail all the facts upon which you base your allegations of Count II "Article CXIV" of the Complaint in which you allege "that the Town of Dracut has violated the rights of the Plaintiff guaranteed under the Constitution of the Commonwealth of Massachusetts" including (a) identifying the agents/servants/employees of the defendant involved in this alleged violation of "the rights of the Plaintiff guaranteed under the Constitution of the Commonwealth of Massachusetts," (b) the sum and substance of the occurrences that constituted this alleged violation of "the rights of the Plaintiff guaranteed under the Constitution of the Commonwealth of Massachusetts," (c) the date, place and means (*e.g.*, telephone, face-to-face conversation, e-mail) of the occurrences that constituted this alleged violation of "the rights of the Plaintiff guaranteed under the Constitution of the Commonwealth of Massachusetts."

20.    Please state in full and complete detail all the facts upon which you base your allegations of Count III "Americans with Disability Act" of the Complaint that Defendants violated the Americans with Disability Act with respect to Plaintiff including (a) identifying the agents/servants/employees of the defendant involved in this alleged violation of the "Americans with Disability Act," (b) the sum and substance of the occurrences that constituted this alleged violation of the "Americans with Disability Act," (c) the date, place and means (*e.g.*, telephone, face-to-face conversation, e-mail) of the occurrences that constituted this alleged violation of the "Americans with Disability Act."

21.    Please state in full and complete detail all the facts upon which you base your allegations of Count IV "Equal Protection Clause" of the Complaint that "The Plaintiff is being treated by the Town of Dracut in violation of both the United States Constitution made applicable

to the States pursuant to the Fourteenth Amendment and the Massachusetts Constitution, both of which prohibit discrimination based upon age," including (a) identifying the agents/servants/employees of the defendant involved in this alleged violation of Equal Protection, (b) the sum and substance of the occurrences that constituted this alleged violation of Equal Protection, (c) the date, place and means (e.g., telephone, face-to-face conversation, e-mail) of the occurrences that constituted this alleged violation of Equal Protection, (d) identify the names, addresses, and job titles of app person you claim were similarly situation but treated differently than you, (e) identify the facts, circumstances and evidence of any custom, policy or practice of the Defendant that you contend caused the violation of Equal Protection.

22.    Please state in full and complete detail all the facts upon which you base your allegations of Count V "Violation Mass. Gen. L. C.31, sec. 15" of the Complaint, including (a) identifying the agents/servants/employees of the defendant involved in this alleged violation of "Mass. Gen. L. C.31, sec. 15," (b) the sum and substance of the occurrences that constituted this alleged violation of "Mass. Gen. L. C.31, sec. 15," (c) the date, place and means (e.g., telephone, face-to-face conversation, e-mail) of the occurrences that constituted this alleged violation of "Mass. Gen. L. C.31, sec. 15."

23.    Please state in full and complete detail all the facts upon which you base your allegations as alleged in paragraph 15 ("The Board of Selectmen of the Town of Dracut notified the Town Manager that they anticipated and would approve pursuant to Civil Service Regulations the appointment of the Plaintiff as the interim chief") of the Complaint.

24.    Please state in full and complete detail all facts upon which Plaintiff bases his allegations of injuries, ailments, pains or damages, as alleged in Counts I, II, III, IV & V of the

-7-

Complaint.

25.     Please describe in full and complete detail the facts and circumstances upon which you base you allegation that you were a "qualified individual" to become "interim chief," including but not limited to describing in full and complete detail your employment history, including your employment history with Defendant, specifying the employer's name and address, your dates of employment, and reasons for discontinuing your employment, any and all disciplinary actions brought against you at each employment and any and all commendations awarded to you at each employment.

                              The Defendant,
                              TOWN OF DRACUT,
                              By its attorneys,

                              **PIERCE, DAVIS & PERRITANO, LLP**


                              _____
                              John J. Cloherty III, BBO#566522
                              Ten Winthrop Square
                              Boston, MA 02110
                              (617) 350-0950

<u>CERTIFICATE OF SERVICE</u>
I hereby certify that on this day a true copy of the
above document was served upon each attorney of
record, or pro se litigant by mail/by hand:

_____
Date

-8-

# EXHIBIT "C"

## PIERCE, DAVIS & PERRITANO, LLP
### COUNSELLORS AT LAW

Joel F. Pierce
John J. Davis *
Judith A. Perritano
John J. Cloherty III *

Of counsel:
Gerald Fabiano
Jeffrey M. Sankey*

TEN WINTHROP SQUARE
BOSTON, MA 02110-1257

TELEPHONE (617) 350-0950
FACSIMILE (617) 350-7760

James M. Dunn ♦
David C. Hunter †
Danielle T. Jenkins *
Robert S. Ludlum †●
Maureen L. Pomeroy○
Daniel G. Skrip ♦
Darlene M. Tonucci ■

* also admitted in RI
♦ also admitted in PA
† also admitted in NY
● also admitted in CT
■ also admitted in FL
○ also admitted in NH

August 1, 2005

Richard J. Ahern, Esq.
Ahern & Dewitt
200 Central Street
Lowell, MA 01852

RE:    Thomas McNiff v. Town of Dracut
       U.S.D.C. - C.A. No. 05CV10238 WGY
       Our File No.: 164-0402689

Dear Attorney Ahern:

On April 26, 2005, this office forwarded to your attention Defendant, Town of Dracut's, First Set of Interrogatories to Plaintiff and Defendant, Town of Dracut's, First Request for Production of Documents. I subsequently agreed to two extensions of time to respond. To date we have not received a response to either of these requests. Kindly advise this office when we may expect to receive the same. Please accept this as a request for a conference concerning a discovery dispute pursuant to Local Rule 37.1.

Thank you for your attention to this matter.

Sincerely,

PIERCE, DAVIS & PERRITANO, LLP

John J. Cloherty III

JJC/mm