UNITED STATES DISTRICT COURT
COMMONWEALTH OF MASSACHUSETTS

THOMAS MCNIFF,
    Plaintiff

C.A. No.: 05CV10238 RBC

v.

TOWN OF DRACUT,
    Defendant

## MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### I. STATEMENT OF RELEVANT FACTS

The Plaintiff, Thomas McNiff is a member of the Dracut Police Department. The plaintiff has held the rank of Captain for the Town of Dracut Police Department. In August of 2004 the plaintiff was diagnosed with prostate cancer. As a result of the diagnosis plaintiff used 35 sick days. These sick days were reported to the plaintiff's superiors.

In June of 2004 Louis Panas announced his retiring as chief as of September 1, 2004. Subsequently the Board of Selectmen of the Town of Dracut notified the Town Manager that they anticipated and would approve the plaintiff as the interim chief.[1] Despite the anticipated appointment of the plaintiff as temporary chief, the Town Manager refused to submit the plaintiff's name as the interim chief.

---

[1] They would appoint the interim chief pursuant to Civil Service Regulations.

## II. ARGUMENT

### A. Violation of the Americans With Disability Act

The Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 et seq., makes it unlawful for an employer, with respect to hiring, to "discriminate against a qualified individual with a disability because of the disability of such individual." §12112(a). The ADA defines the term "disability" as:

"(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;

"(B) a record of such an impairment; or

"(C) being regarded as having such an impairment." 42 U.S.C. § 12102(2).

As the defendant concedes the ADA does not define "substantially limits one or more major life activities." This is a question for the finder of fact.

The plaintiff contends that the ADA is designed "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 12101(b)(1), (b)(4). It forbids discrimination against persons with disabilities in three major areas of public life: employment, which is covered by Title I of the statute; public services, programs, and activities, which are the subject of Title II; and public accommodations, which are covered by Title

2

III. Title II, §§ 12131-12134, prohibits any public entity from discriminating against "qualified" persons with disabilities in the provision or operation of public services, programs, or activities. The Act defines the term "public entity" to include state and local governments, as well as their agencies and instrumentalities. § 12131(1). Persons with disabilities are "qualified" if they, "with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, mee[t] the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." § 12131(2). Title II's enforcement provision incorporates by reference § 505 of the Rehabilitation Act of 1973, 92 Stat. 2982, as added, 29 U.S.C. § 794a, which authorizes private citizens to bring, suits for money damages. 42 U.S.C. § 12133.

Plaintiff has set forth a prima facie case of discrimination, and proffered sufficient evidence to preclude a grant of summary judgment.

### B. Plaintiff's State Law Claim

### C. Article CXIV of the Massachusetts Constitution

Article CXIV of the Massachusetts Constitution provides that "No otherwise qualified handicapped individual shall, solely by reason of his handicap, be excluded from the participation in,

denied the benefits of, or be subject to discrimination under any program or activity within the commonwealth.

The Plaintiff,
THOMAS MCNIFF,
By his attorney,

*/s/ Richard J. Ahern*

Richard J. Ahern
Attorney at Law
BBO # 556537
Ahern & DeWitt
200 Central Street
Lowell, MA   01852
978-970-2989

CERTIFICATE OF SERVICE
I hereby certify that on this day a true copy of the above document was served upon each attorney of record, or pre se litigant, by (mail)/ by hand.

12-22-05
date